NOT DESIGNATED FOR PUBLICATION

No. 125,185

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA LYNN ARIE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wilson District Court; DARYL D. AHLQUIST, judge. Opinion filed January 20, 2023. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Jessica Lynn Arie appeals the revocation of her probation in three separate district court cases that were consolidated by the district court for appeal. We granted her motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Because revocation of probation in her cases was a discretionary decision for the district court and we observe no abuse of discretion, we affirm.

In district court case No. 2019CR147, Arie pled no contest to misdemeanor possession of marijuana and possession of drug paraphernalia. In case No. 2020CR60, Arie pled no contest to possession of methamphetamine. In case No. 2020CR102, Arie pled no contest to possession of methamphetamine. In each of the three cases the district

1

court ordered Arie serve her sentence consecutive to the other cases but granted her probation.

Arie's probation did not go as planned. The State moved to revoke Arie's probation less than a month after Arie was sentenced in 2020CR102, and a revocation hearing was held in April 2021. The district court found Arie used illegal drugs while on probation, ordered her to serve a 60-day jail sanction, and reinstated her probation in all three cases.

Probation still did not proceed well. In January 2022, the State moved to revoke Arie's probation in all three cases. A hearing was set for March 2022, at which time the district court found, despite previous quick dip sanctions through drug court and the 60-day sanction, Arie violated the conditions of her probation by failing to report as directed by her probation officer, refusing to provide urine samples as directed, failing to complete drug treatment, and failing to complete the drug court program. The district court revoked Arie's probation in all three cases and ordered her to serve her underlying sentences.

On appeal, Arie argues the district court abused its discretion by revoking her probation and ordering her to serve the underlying sentences. We observe no abuse of discretion.

> "Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. . . . A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact. [Citations omitted.]" *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

Arie bears the burden of establishing such abuse of discretion. See 315 Kan. at 328.

Arie did not contest the allegations made by the State at the revocation hearing but offered excuses for her conduct. We observe that substantial competent evidence supports the district court's finding she violated the conditions of her probation.

Arie does not argue the district court's decision was based on an error of law or an error of fact. Nor does she persuade us the district court's decision was arbitrary, fanciful, or unreasonable given her failure to comply with the conditions of her probation. We conclude no reasonable person would disagree with the revocation of Arie's probation.

Affirmed.